THE STATE v. McLEOD, *Appellant.*

Division Two, November 20, 1896.

1.  Criminal Practice: INSTRUCTIONS.  It is not error to refuse to
give instructions which are but repetitions of those already given.

2.  ———: ABORTION.  Evidence reviewed and *held* to justify a verdict
of guilty of manslaughter of a child, perpetrated in producing an
abortion on the mother.

*Appeal from Dallas Circuit Court.*—HON. ARGUS COX,
Judge.

AFFIRMED.

*R. F. Walker*, attorney general, for the state.

(1) The indictment is drawn in the language of the statute and contains all the necessary averments to properly charge manslaughter in the second degree. Sec. 3468, R. S. 1889, as amended by Laws 1895, p. 154; *State v. Emerick*, 87 Mo. 110. (2) The evidence was ample to support the verdict. *State v. Edmondson*, 33 S. W. Rep. 17. (3) The instructions properly declared the law.

GANTT, P. J.—The defendant was indicted at the April term, 1894, for manslaughter in that he administered a poisonous drug to a young woman then pregnant with child and by means of the administration of said drug feloniously caused the death of said child. Having been duly arraigned the defendant was tried and convicted at the April term, 1895. After an inexcusable delay the record was finally certified to this court in April, 1896, too late for the assignment for the April term.

The defendant, though able to give an appeal bond and employ counsel in the circuit court, has filed no brief in this court and we are remitted to our own examination of the record to discover what, if any, error was committed on the trial in the circuit court.

The indictment is in all respects sufficient. No error is apparent in the record proper in respect to the constitution of the court, the impaneling of the grand jury, the return of the indictment or the arraignment. The defendant did not testify in his own behalf.

The evidence tended strongly to support the verdict. It very clearly appeared that defendant at various times had sexual intercourse with the young woman, Mary J. Keller; that she advised him that she believed she was pregnant; that he endeavored to

allay her fears by telling her she was mistaken and that he would get her some medicine which would relieve her; that he arranged to leave the medicine at a place·some distance from her father's residence; that he did so and she obtained it and took it; that he gave her a second bottle and that she became sick from taking it and her father sent for a physician who advised her that she was threatened with abortion and gave her medicines to prevent it but the child was prematurely born of something like seven months' maturity.   The medicine was preserved and the physician tested it and testified in was composed of fluid extracts of ergot and cottonroot; that the effect of the compound was to produce an abortion.   This physician also testified that defendant endeavored to employ him to give the girl something prior to the abortion but he declined to do so and told him he ought to marry the girl.   It was also shown that the girl herself had done nothing to produce the abortion.

The instructions were fair and covered every proposition of law arising in the case.   The three refused were but repetitions of those given and no error was committed in refusing them.   Finding no reversible error in the record, the judgment is affirmed.   SHERWOOD and BURGESS, JJ., concur.

136  111
141  325

